BARNES *v.* DISTRICT OF COLUMBIA.

POLICE REGULATIONS; STREETS AND SIDEWALKS; PUBLIC VEHICLES.

1. The commissioners of the District of Columbia had the power, under authority of the acts of Congress of January 26, 1887 (24 Stat. at L. 368, chap. 49), and February 26, 1892 (27 Stat. at L. 394), to pass the police regulation requiring drivers of public vehicles, while waiting in the streets, to place their vehicles in any location designated by a policeman, and to always be within 5 feet of their vehicles (following *Callan* v. *District of Columbia,* 16 App. D. C. 271) ; and such regulation is not void on its face as uncertain, unreasonable, and unjust.

2. That a police regulation may be so broad as to admit of a possible construction which would seem to warrant the exercise of arbitrary action by public agents in its enforcement, and the punishment of those refusing obedience, is not sufficient to prevent its having effect in respect of matters clearly within the purpose of its operation.    (Following *Lansburgh* v. *District of Columbia,* 11 App. D. C. 512, and *Moses* v. *United States,* 16 App. D. C. 428, 50 L. R. A. 532.)

3. Where a policeman unreasonably attempts to exercise the discretion given him by a police regulation requiring drivers of public vehicles while waiting to place their vehicles in any location designated by a policeman, a driver who disobeys his orders cannot be punished for doing so.

4. Where the driver of a public vehicle, while in front of a hotel, was not disorderly and not obstructing the street, but was ordered by a policeman to remove his vehicle to the opposite side of the street, although two hotel carriages also standing in front of the hotel were not re-

quired to move; and the only reason given by the policeman for the order was "complaints of the management of the hotel of hacks in general, and the driver in question in particular,"—it was *held* that a conviction of the driver in the police court was improper, the order to move being arbitrary and unreasonable.

No. 1475.   Submitted November 3, 1904.   Decided December 14, 1904.

IN ERROR to the Police Court of the District of Columbia.
*Reversed.*

The COURT in the opinion stated the case as follows:

The plaintiff in error, John Barnes, was convicted in the police court of the violation, of a regulation established by the commissioners of the District, and has been granted a writ of error.

The regulation reads as follows:

"Every driver of a vehicle, located on a public stand, or engaged in any hotel, theater, reception, ball, concert, or private party, or at any other place whatever, shall place his vehicle, while waiting, in any location designated by any member of the metropolitan police force on duty, and shall be at all times within 5 feet of his vehicle."

The proof on which the conviction was had is thus recited in the bill of exceptions:

"The District proved that on Friday evening, at a quarter of six, the defendant, driving a public vehicle, drove up in front of the Raleigh hotel, and at 7 o'clock he was asked if he had a job, and he replied that he had; that he was then ordered by the officer to stand across the street, the officer giving his reason for such order 'the complaints from the management of the hotel, from hackmen in general, and defendant in particular.'   Defendant thereupon refused to obey said order.   The defendant was standing on Twelfth street opposite the hotel on the east side, where were also standing two hotel carriages which were not required to move; those carriages were there waiting for guests in just the same manner as the defendant's carriage; that

defendant was not disorderly, was not standing in the way of the hotel entrance, was not obstructing the use of the streets, and was standing there merely where the hotel carriages were standing, and that the policeman was attempting to enforce the regulations against him, which could not be enforced against the hotel carriages; that defendant and the hotel carriages were practically both doing the same kind of business, and that the police officer ordered one away and not the other; and here the District rested."

*Mr. M. F. Mangan, Mr. Wilton J. Lambert,* and *Mr. D. W. Baker* for the plaintiff in error.

*Mr. Andrew B. Duvall,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the defendant in error.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. The first question raised on the record is, the contention that the commissioners had no power to enact the regulation. This must be denied. We think the power was conferred by the act of Congress approved January 26, 1887, 24 Stat. at L. 368, chap. 49, and that approved February 26, 1892, 27 Stat. at L. 394. *Callan* v. *District of Columbia,* 16 App. D. C. 271.

2. Nor is the next objection well taken, namely, that the regulation is void because uncertain, unjust, and unreasonable on its face. That regulations of this character are necessary to prevent obstruction on the streets, confusion, disorder, and even danger, is obvious. And it would be difficult indeed, if not impossible, to provide therein for every contingency. In their execution—summary by reason of the nature of the duties to be performed—the members of the police charged therewith must necessarily be invested with some discretion in view of the exigency of a possible situation. Every regulation concerning the location of vehicles at railway stations and cab stands reposes some discretion in the officers stationed at such places for their enforcement. That this discretion may, in instances, be arbi-

trarily exercised and abused cannot render the ordinance itself unreasonable and unjust, and therefore invalid. That a police regulation might be so broad as to admit of a possible construction which would seem to warrant the exercise of arbitrary action by public agents in its enforcement, and the punishment of those refusing obedience, is not sufficient to prevent its having effect in respect of matters clearly within the purpose of its operation. *Lansburgh* v. *District of Columbia,* 11 App. D. C. 512, 526; *Moses* v. *United States,* 16 App. D. C. 428, 432, 50 L. R. A. 532.

3. The authority of the officer in the enforcement of this regulation depends upon the fact whether his interference is reasonably necessary or important to prevent the occurrence of some one of the mischiefs which the regulation must have been intended to remedy. It is then that his discretion arises. It is not competent for him to interfere with the ordinary freedom of the owners and drivers of vehicles without some reasonable ground for the exercise of his discretion. And anyone disobeying his orders cannot be punished therefor, unless upon charges and proof tending to show a condition, at the time, indicating a reason for his interference and attempted exercise of the power conferred. *Horn* v. *People,* 26 Mich. 221, 226. From an examination of the evidence, all of which is contained in the extract from the bill of exceptions above quoted, we agree with the contention on behalf of the plaintiff in error, that it was not sufficient to warrant his conviction. It shows that he stopped his vehicle in front of the Raleigh hotel, where he "had a job." In the absence of any other evidence it is fair to presume that the person who had employed him had gone into, or was waiting in, the said hotel. He was not disorderly, was not blocking the hotel entrance, nor was he obstructing passage in the street. Two hotel carriages were waiting near his, or alongside of him. These were not required to move for any purpose. The only reason assigned for the order of removal was, "the complaints of the management of the hotel of hacks in general and defendant in particular."

On what the complaints or objections of the manager were

based nowhere appears. The hotel owner had no authority to create a cab stand in the street, much less to direct how or by whom its privilege might be enjoyed. His right extended no further than to a reasonable occupation of the street by carriages of his own, brought there for the use of his guests. *Willard Hotel Co.* v. *District of Columbia,* 23 App. D. C. 272, 280. Carriages belonging to others that were performing the same service had the same right to the temporary occupation of the street adjacent to the hotel. This being the case, there was no condition shown that warranted the officer in ordering the defendant to remove to a station across the street where, for aught we know, his presence might have been as objectionable to the owner of the abutting house as it may have been to the hotel manager. The order to remove was unjustified by the existing conditions, and was, therefore, arbitrary, unreasonable, and unjust. This being so, the defendant was not bound to obey the order, and his disobedience is not punishable under a reasonable view of the purpose of the regulation.

For the error of the Police Court in holding the evidence sufficient to convict the defendant, the judgment must be reversed with costs, and the cause remanded for further proceedings in accordance with this opinion. It is so ordered.

*Reversed.*